FLOETE LUMBER CO., Respondent, v. DOHERTY et al, Appellants.

(192 N. W. 751.)

(File No. 5108. Opinion filed March 14, 1923.)

**Set-off and Counterclaim—Bills and Notes—Pleading—Counterclaim Only Available as Joint Defense at Time of Transfer of Non-Negotiable Note Not Available Thereafter As Individual Defense.**

Where defendant and another had purchased a garage company, defendant giving his note as part consideration to one of the sellers, who transferred it by indorsement to plaintiff when past due, and therefore under Rev. Code 1919, Sections 742 and 1762, subject to all existing equities and plaintiff sued to recover the balance, and defendant, who, after the beginning

of suit, had become the sole owner of the garage business, interposed a counterclaim because of a breach in the agreement of sale, held, that the mutual rights of the parties where fixed by the individual defenses which defendant had against the note at the time it was purchased, and since at that time the defense set up in the counterclaim was not available because it was a joint defense under section 725, and not an individual one, a denial of relief on the counterclaim was proper.

Appeal from Circuit Court, Tripp County; HON. WM. WIL-LIAMSON, Judge.

Action by the Floete Lumber Company against Windsore Doherty and another. Judgment for plaintiff, and defendants appeal. Affirmed.

*Doherty & Talbott,* of Winner, for Appellants.

*Hannett & Hannett,* of Winner, for Respondent.

Respondent cited: Olson v. Lamb, 71 Am. St. Rep. 671; Olson v. Lamb, 71 Am. St. Rep. 678; Rush v. Thompson, 112 Ind. 158; Thomas v. Stetson, 49 Am. Rep. 148.

GATES, J.  By an agreement in writing, J. L. Lynn, B. W. Lynn, and Minnie L. Lynn, the owners of all of the capital stock and property of the Red Arrow Garage Company, a corporation, sold such capital stock and property to defendant Doherty and Melvin Johnson for $13,000.  As a part of the consideration therefor, defendant Doherty executed and delivered to J. L. Lynn his promissory note for $3,230.80, due July 13, 1918.  On September 7, 1918, there was paid and indorsed on said note the sum of $732.86.  On September 9, 1918, J. L. Lynn transferred said note by indorsement to plaintiff for a valuable consideration. Plaintiff began this action on September 13, 1918, to recover judgment for the balance due on said note, making the maker and payee parties defendant.  After the beginning of this action and before the trial, defendant Doherty became the sole owner of the capital stock and property of the corporation, and in an amended answer and by way of counterclaim pleaded a partial failure of consideration to the extent of $892.41, because of a breach in the agreement of sale.  Trial was had by the court without a jury, which made findings of fact and conclusions of law and entered judgment denying defendant Doherty any relief.  Defendant Doherty appeals.

Section 1762, Rev. Code 1919, reads as follows:

"In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable."

Section 742, Rev. Code 1919, reads as follows:

"A nonnegotiable written contract for the payment of money or personal property may be transferred by indorsement, in like manner with negotiable instruments. Such indorsement shall transfer all the rights of the assignor under the instrument to the assignee, subject to all equities and defenses existing in favor of the maker at the time of the indorsement."

At the time respondent purchased said note, it was past due and was therefore subject to any defense "existing in favor of the maker at the time of the indorsement." The defense that then existed against the note, and which existed at the time this action was begun, was a defense in which appellant and Melvin Johnson were jointly interested. Rev. Code 1919, § 725. Appellant and Johnson then had a joint cause of action against the Lynns for the breach of their contract, which, so far as appears from this record, still exists. Such joint cause of action was not then available to either of them as an individual defense. Putting at one side the question whether appellant ever obtained an assignment of Johnson's interest in said joint cause of action, and assuming for the purposes of this opinion that he did, yet the mutual rights of respondent and appellant were fixed and measured by the individual defenses which appellant had against the note at the time respondent purchased it. Section 742, supra. Appellant then had no individual defense against the note, therefore the trial court did not err in entering judgment for respondent.

The judgment and order denying new trial are affirmed.

Note—Reported in 192 N. W. 751. See American Key-Numbered Digest, Set-off and counterclaim, Key-No. 44(1), 24 R. C. L. 841, Recoupment, Set-off and Counterclaim, 34 Cyc. 727.